IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,426




EX PARTE REGINALD DONELL RICE, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 366-83058-06 IN THE 366TH JUDICIAL DISTRICT COURT
FROM COLLIN COUNTY




           Per curiam.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his
conviction. Rice v. State, No. 05-07-00704-CR (Tex. App. – Dallas, August 14, 2008, pet. ref’d). 
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because 
counsel failed to preserve issues regarding his motion to suppress evidence, and failed to object to
the evidence when it was introduced at trial. Applicant also alleges that counsel failed to advise him
that the State was seeking to enhance his punishment, and entered a plea of “true” to the
enhancements on Applicant’s behalf, knowing that Applicant intended to plead “not true.” 
            The trial court obtained an affidavit from trial counsel, and conducted a habeas hearing at
which trial counsel testified. Based on the record, affidavits and testimony, the trial court has
determined that trial counsel’s performance was deficient in that counsel failed to preserve
suppression issues by objecting when the evidence was introduced at trial, by not informing
Applicant of the possible range of punishment in this case, and by pleading “true” to the
enhancements on Applicant’s behalf when it was Applicant’s intent to plead “not true.” The trial
court also finds that such ineffective representation prejudiced Applicant. We find, therefore, that
Applicant is entitled to relief. The judgment in Cause No. 366-83058-06 from the 366th Judicial
District Court of Collin County is set aside, and Applicant is remanded to the custody of the Sheriff
of Collin County to answer the charge against him.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
 
Delivered: September 29, 2010
Do Not Publish